69 F.3d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel VILLAREAL Plaintiff-Appellant,
v.
PHILIPPINE AIRLINES, INCORPORATED, Defendant-Appellee.
 No. 94-15949.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Nov. 2, 1995.
 
 Before: SNEED, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant Joel Villareal appeals the district court's grant of summary judgment in favor of Defendant-Appellees Philippine Airlines, Inc. ("PAL"). Villareal sued PAL alleging age-based discrimination in violation of the California Fair Employment and Housing Act, Cal.Gov't Code Sec. 12941, breach of his employment contract, and intentional and negligent infliction of emotional distress. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The district court found that Villareal had not presented a prima facie case of age discrimination. The court found, however, that even if Villareal had presented a prima facie case, he had failed to establish that PAL's proffered legitimate reasons for terminating him were merely a pretext for age discrimination. The district court also granted summary judgment in favor of PAL on Villareal's breach of employment and negligent and intentional infliction of emotional distress claims.
 
 
 4
 We find that Villareal presented a prima facie case of age discrimination. "It is possible for a plaintiff to establish a prima facie case without satisfying the McDonnell Douglas test." Diaz v. American Tel. & Tel., 752 F.2d 1356, 1361 (9th Cir.1985). PAL then presented legitimate non-discriminatory reasons for terminating Villareal. PAL offered extensive documentation of investigations of baggage irregularities that implicated Villareal. For example, in 1983 a PAL investigatory committee found that Villareal had inadequately administered excess baggage procedures at Los Angeles Airport. In 1987, PAL suspended Villareal from his position at San Francisco airport for fifteen days for failing to prevent the unauthorized and undocumented shipment of another PAL employee's car. At that time, PAL warned Villareal, in writing, that due to his "extremely bad judgment and lack of leadership" regarding this shipment, he could be fired for any further "performance problems." PAL terminated Villareal in 1992, following an intensive investigation, finding that he had been "remiss in his duty" for failing to investigate subsequent baggage irregularities and failing to institute baggage control procedures.
 
 
 5
 Although Villareal presented some evidence that other employees might have been terminated because of their age, he failed to present any evidence that PAL's termination of him was based on age discrimination rather than for cause. In sum, Villareal failed to present any genuine issue of material fact that PAL's reasons for terminating him were a pretext for age discrimination. See Mundy v. Household Finance Corp., 885 F.2d 542, 546 (9th Cir.1989). Because Villareal's age discrimination claim fails, so too do his claims for breach of contract and intentional and negligent infliction of emotional distress.
 
 
 6
 For the reasons cited above, we affirm.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3